# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**NORMAN GRIGSBY, #116130**     **PETITIONER**

**VERSUS**     **CIVIL ACTION NO. 3:09-cv-531-HTW-LRA**

**LAWRENCE KELLY, Superintendent of MSP**     **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Grigsby, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the Mississippi State Penitentiary (MSP), Parchman, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Upon review of the Petitioner's pleadings and applicable case law, the Court finds as follows.

Petitioner was convicted of fondling a child for lustful purposes in the Circuit Court of Copiah County, Mississippi, on November 5, 2005. Petitioner was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections, with ten years suspended, followed by three years of post- release supervision.

Petitioner is requesting a reduction in his term of imprisonment based on his medical condition. Petitioner claims that he suffers from the following medical problems: chronic arthritis; poor circulation in his legs; chronic back pain; tissue damage; nerve damage; stiffness in legs; heart problems; high blood pressure and cholesterol. *Pet*. [1], p.3. Petitioner asserts that MDOC is unable to provide financially, or otherwise, for his serious medical needs, therefore his sentence should be reduced resulting in his immediate release from incarceration.

On October 8, 2009, this Court entered an order [3] directing the Petitioner to file an

amended petition to specifically state every ground on which Petitioner claims that he is being held in violation of the Constitution, laws or treaties of the United States. In his Response [4], Petitioner states that the Eighth Amendment provides for his medical needs as a state inmate and reiterates his belief that MDOC can not render "proper" treatment for his conditions. It is clear that Petitioner is not seeking the invalidation of his conviction or sentence in this Petition.

Analysis

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and determined that this Petition shall be dismissed. For the reasons set forth below, Petitioner's claims fail to warrant federal habeas corpus relief.

In order to be entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a petitioner must be in state custody in violation of the Constitution or laws or treaties of the United States. *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004)(district court must find a violation of the Constitution or law or treaties of the United States to grant habeas relief); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983). The existence of a constitutional deprivation or violation of federal law implicates a district court's habeas jurisdiction and must be considered *sua sponte*, if necessary. *Moore,* 369 F.3d at 846 n.3. "Simply stated, habeas is not available to review questions unrelated to the *cause* of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) (emphasis added); *see Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009).

The *cause* of Petitioner's detention is his 2005 criminal conviction for fondling a child rendered by the Circuit Court of Copiah County, Mississippi. Petitioner's various medical ailments, albeit serious in nature, fail to invalidate the fact that Petitioner is lawfully in the

custody of the Mississippi Department of Corrections for a criminal conviction. The State of Mississippi determined that Petitioner's conviction warranted a fifteen year sentence of imprisonment.[1] This Court may not alter this decision at a later date purely based on Petitioner's concerns for his medical treatment.[2]

As stated above, Petitioner is not challenging his conviction or sentence as a violation of the Constitution or laws or treaties of the United States, as required for a writ of habeas corpus. Instead, Petitioner is asking this Court to reduce his term of imprisonment resulting in his immediate release from incarceration because he suffers from various medical ailments. The relief requested by Petitioner is simply not available by way of a writ of habeas corpus. This Court may invalidate a state court criminal conviction or sentence as a form of habeas relief, but the Court has no authority to alter or reduce a state inmate's lawful term of imprisonment. *See, e.g., Dixon v. Beto*, 472 F.2d 598, 599 (5th Cir.1973)(federal courts are not empowered to order the state courts to make remedies available); *see also Moore,* 369 F.3d at 846 (vacated and remanded district court's conditional grant of habeas relief predicated upon state court holding a hearing or commuting sentence); *Haygood v. Quarterman*, 239 Fed. App'x. 39, 42 (5th Cir. 2007)(vacated and remanded district court's grant of habeas relief conditioned on requirement that state courts "convene a proper inquiry"). In sum, this Court is without authority to grant the

---

[1] The Court notes that Petitioner is already in the fortunate position of having ten years of this sentence suspended.

[2] To the extent Petitioner may be complaining that the conditions of his confinement are unconstitutional, he is advised that such complaints are properly pursued in a civil rights suit pursuant to 42 U.S.C.§ 1983. Therefore, the Clerk is directed to send the Petitioner a packet of forms used by prisoners filing suit pursuant to § 1983. The Petitioner is cautioned that this Court is not reaching any determination regarding the viabilty of any possible § 1983 claims and Petitioner is advised that release from incarceration can not be granted in a § 1983 case.

Petitioner's request for release from lawful incarceration for purely medical reasons.

Therefore, Petitioner's request for a writ of habeas corpus must be denied. A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

SO ORDERED, this the 25th day of November, 2009.

                                          **s/ HENRY T. WINGATE**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**